IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael E. Geiger, | : | |
| Plaintiff | : | Civil Action 2:13-cv-1060 |
| v. | : | Judge Smith |
| Mrs. Vickie Stringer | : | Magistrate Judge Abel |
| and | : | |
| Triple Crown Publishing, | : | |
| Defendant | | |

## Initial Screening Report and Recommendation

Plaintiff Michael E. Geiger brings this action alleging that he ordered and paid for four books that defendants failed to deliver to him. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain . . .  (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Accordingly, the Magistrate

Judge **RECOMMENDS** the complaint be dismissed because it fails to allege a basis for the court to exercise subject matter jurisdiction over his claim.

The complaint alleges that on some unspecified date plaintiff Michael E. Geiger "placed a couple of orders for (4) urban novels" with defendant Triple Crown "at $15 ea. plus s/h . . . ." Three weeks later, not hearing from Triple Crown, Geiger contacted them again. He also contacted the Better Business Bureau. After delaying, Triple Crown said the books would be shipped, but they were not. Geiger then asked for a refund, to no avail.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule Rule 8(a) requires that a complaint contain

    (1) a short and plain statement of the grounds for the Court's jurisdiction . . .
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .

8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

<u>Analysis</u>.  Although the complaint arguably states claims for breach of contract and unjust enrichment, it does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends. The complaint cannot plead a claim under 42 U.S.C. § 1983 because defendants are not state actors. *See, Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937  (1982). Although plaintiff and defendants are citizen of different states, there is no basis for diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy does not exceed $75,000.

Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v.*

*Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

      The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel  
United States Magistrate Judge
